UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kahekili Seto, et al., | No. 20-cv-01788-KJM-CKD |
| Plaintiffs, | ORDER |
| v. | |
| County of San Joaquin, | |
| Defendant. | |

In this Fair Labor Standards Act (FLSA) collective action, the parties jointly move this court to approve their settlement and dismiss this case with prejudice. As explained below, the court **grants** the motion.

**I.  BACKGROUND**

Plaintiffs are current and former sheriff deputy sergeants for the defendant County of San Joaquin. First Am. Compl. (FAC) ¶¶ 3, 6, ECF No. 7. Plaintiffs' compensation is governed by a memorandum of understanding ("MOU"), which provides a cash payment in lieu of unused health benefits ("cash-in-lieu"). *Id.* ¶¶ 15–16, 18.

In June 2016, the Ninth Circuit held that cash-in-lieu must be included in overtime pay rates under the FLSA. *Flores v. City of San Gabriel*, 824 F.3d 890, 907 (9th Cir. 2016). Accordingly, plaintiffs brought this collective action alleging defendant's overtime pay rates did not incorporate cash-in-lieu. FAC ¶¶ 1–2. Plaintiffs seek three years of back overtime pay,

1

1    liquidated damages, and reasonable attorneys' fees and costs under the FLSA. *Id*. ¶¶ 32–33.
2    Since plaintiffs' initial filing of this lawsuit, a total of forty plaintiffs opted in to the FLSA
3    collective action. Affs. Individual Pls.' Consent, ECF Nos. 4, 21.

4          The parties reached a settlement. Mot. at 7, ECF No. 22-1. Defendant agreed to pay a
5    total sum of $279,000. Youril Decl. Ex. A (Settlement Agreement) at 2, ECF No. 22-2.
6    Plaintiffs' counsel will receive 24.5 percent of the total settlement fund, or $68,248.79, in
7    attorneys' fees and costs. *Id*. at 3. Plaintiffs will receive the remaining $210,751.21, which will
8    be allocated based on each plaintiff's overtime hours and based on an amount of cash-in-lieu each
9    plaintiff has already received. Mot. at 7. If the court approves the settlement, plaintiffs will
10   release their FLSA overtime claims related to the MOU. Settlement Agreement at 3–4.

11         The parties filed the pending joint motion for approval of the settlement agreement and
12   dismissal of the case. *See* Mot. All forty plaintiffs have consented to the proposed settlement.
13   *See* Youril Decl. Ex. B. The court submitted the matter without oral argument. Min. Order, ECF
14   No. 25.

15   **II.   CERTIFICATION OF FLSA COLLECTIVE**

16         Plaintiffs have not moved for certification of their FLSA collective. *See* Mot. "When the
17   parties seek settlement approval of an FLSA collective action claim before seeking certification
18   of a collective action, courts in this circuit first consider whether certification is appropriate and
19   then whether the proposed settlement is substantively acceptable." *Kempen v. Matheson Tri-Gas,*
20   *Inc.*, 2016 WL 4073336, at *4 (N.D. Cal. Aug. 1, 2016). For certification, the members of the
21   FLSA collective action must be "similarly situated" to the original plaintiffs. *Campbell v. City of*
22   *Los Angeles*, 903 F.3d 1090, 1109 (9th Cir. 2018) (citing 29 U.S.C. § 216(b)). "[P]laintiffs are
23   similarly situated . . . to the extent they share a similar issue of law or fact material to the
24   disposition of their FLSA claims." *Id.* at 1117.

25         Here, plaintiffs are similarly situated. They all held the same positions as sheriff deputy
26   sergeants when employed by defendant. FAC ¶ 3. They were subject to the same MOU policy
27   that allegedly caused a systemic underpayment under the FLSA. *Id.* ¶ 2.

28         The court certifies plaintiffs' FLSA collective.

**III.    SETTLEMENT TERMS**

If FLSA claims are settled, the settlement must be approved by either the Secretary of Labor or a federal district court. *Seminiano v. Xyris Enter., Inc.*, 602 F. App'x 682, 683 (9th Cir. 2015) (unpublished) (citing *Nall v. Mal–Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir. 2013)). In the absence of Supreme Court or Ninth Circuit guidance, district courts often assess whether the settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). *Dahl v. Bay Power Inc.*, 2021 WL 2313388, at * 1 (N.D. Cal. May 28, 2021). Additionally, "[a]s part of the inquiry to determine whether a FLSA settlement is fair, a district court 'must consider the proposed service payments to the named plaintiff and the attorneys' fees.'" *Fontes v. Drywood Plus, Inc.*, 2013 WL 6228652, at *6 (D. Ariz. Dec. 2, 2013) (internal quotation marks and citation omitted).

    **A.**    **Bona Fide Dispute**

A dispute is "bona fide" if there are "legitimate questions" about the defendant's FLSA liability. *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016). When there is certainty that the FLSA entitled plaintiffs to the compensation they seek, a court will not approve a settlement, because it would likely shield employers from the full cost of complying with the statute. *Id.* (citation omitted).

Here, a bona fide dispute exists over the method of calculating the deputy sheriff employees' overtime pay under the FLSA. Plaintiffs favor the method for salaried, non-exempt employees prescribed in 29 C.F.R. § 778.113, where "the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate." Defendant argues for the method for hourly rate employees set forth in 29 C.F.R. § 778.110(b), which uses all hours worked, including overtime hours, to calculate the "regular rate," and applies a 0.5 premium. Mastagni Decl. ¶¶ 33–34; Youril Decl. ¶¶ 10–11.

The parties further dispute a number of other issues: defendant's entitlement to the partial overtime exemption under 29 U.S.C. § 207(k); defendant's entitlement to reduce any liability

3

through offsets or credits under 29 U.S.C. § 207(h)(2); plaintiffs' entitlement to liquidated damages; and the applicable statute of limitations. *Id*. ¶¶ 33–34, 40, 42–44; Youril Decl. ¶¶ 10–13. The resolution of these disputes would affect plaintiffs' potential recovery based on their FLSA claim. Mot. at 10–12

Bona fide disputes exist with respect to the extent of defendant's FLSA liability.

### B.  Fair and Reasonable

To determine whether a FLSA settlement is fair and reasonable, the court evaluates the "totality of the circumstances" within the context of the FLSA framework. *Selk*, 159 F. Supp. 3d at 1173. The court must consider the following factors when determining whether a settlement is fair and reasonable under the FLSA:

> (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion.

*Id*. The court addresses each of these factors below.

#### 1.  Plaintiffs' Range of Possible Recovery

Plaintiffs' maximum recovery based on their FLSA claim, including an award of liquidated damages and an extended statute of limitations, is twice the amount of unpaid wages for the three-year period before they opted into the lawsuit. Mot. at 12. While the parties do not provide the court with a figure for this maximum amount here, they do explain how the settlement amount was calculated, which aids the court in testing the reasonableness of the recovery. *See id*. at 12–14; *Beidleman v. City of Modesto,* 2018 WL 1305713, at *3 (E.D. Cal. Mar. 13, 2018) ("In light of the complexity of this case and the difficulty the parties face in estimating the likely value of plaintiffs' claim without conducting an exact calculation, the court finds the rationale underlying the agreement and the recovery obtained as a result to be reasonable."). The settlement provides plaintiffs an aggregated sum of $210,751.21. *Id*. at 12. This sum is significantly higher than what plaintiffs would have recovered under defendant's calculation

method ($130,912.98). *Id.* Furthermore, the settlement amount was calculated based on the number of overtime hours as defined in the MOU, in addition to the FLSA-qualifying overtime hours. *Id*. at 13. Defendant also agreed not to assert any offsets or credits to reduce liability. *Id*. These terms of the settlement increased plaintiffs' recovery. *Id.*

Though the decision in *Flores* strongly suggests defendant would be liable in the face of plaintiffs' cash-in-lieu claim, the bona fide disputes identified above impact the certainty of predicting an ultimate damages calculation. *See Beidleman*, 2018 WL 1305713, at *3. For example, because plaintiffs' entitlement to liquidated damages is in dispute, it is reasonable for plaintiffs to settle for less than the maximum recovery. Similarly, plaintiffs risk an adverse court decision if the court were called upon to determine defendant's entitlement to the partial overtime exemption under 29 U.S.C. § 207(k), which could have greatly reduced plaintiffs' recovery.

Because the settlement appears to be above the minimum recovery and because the extent of defendant's liability remains uncertain, the compromise appears fair and reasonable. Thus, this factor weighs in favor of approving the settlement.

### 2. Stage of Proceedings and Amount of Discovery Completed

"The court is also to evaluate the stage of the proceedings and the amount of discovery completed in order to ensure that 'the parties carefully investigated the claims before reaching a resolution.'" *Id.* at *4 (quoting *Ontiveros v. Zamora*, 303 F.R.D. 356, 371 (E.D. Cal. 2014)). "This factor will weigh in favor of approval if the parties have sufficient information to make an informed decision regarding settlement." *Id*. (citing *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998)).

Here, the parties have engaged in discovery, exchanging time and payroll records, as well as the MOU. Mot. at 14. Because the claims for overtime pay relate primarily to time and payroll records, the parties likely had enough information to fairly weigh the merits and to evaluate the potential range of recovery before reaching a resolution. Accordingly, this factor weighs in favor of approving the settlement.

|   |   |   |
|---|---|---|
| 1 | **3.** | **Seriousness of Litigation Risks Faced by Parties** |

"Courts favor settlement where 'there is a significant risk that litigation might result in a lesser recover[y] for the class or no recovery at all.'" *Beidleman*, 2018 WL 1305713, at *4 (quoting *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 255 (N.D. Cal. 2015)). While the parties agree that the cash-in-lieu claims are essentially guaranteed success after *Flores*, they also agree that, if this case were to proceed to trial, they each would face uncertainties due to their bona fide disputes. Mot. at 15.

Considering the uncertainties of litigation, the relative immediacy of settlement serves to benefit the purported collective members. *See Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that "voluntary conciliation and settlement are the preferred means of dispute resolution"). This factor favors approving the settlement.

**4.  Scope of Any Release Provision in Settlement Agreement**

As the parties point out, "[a] FLSA release should not go beyond the specific FLSA claims at issue in the lawsuit itself." Mot. at 17 (quoting *Slezak v. City of Palo Alto*, 2017 WL 2688224, at *4 (N.D. Cal. June 22, 2017)). "Expansive release of claims would allow employers to unfairly extract valuable concessions from employees using wages that they are guaranteed by statute." *Beidleman*, 2018 WL 1305713, at *4 (citing *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010)). Here, the release applies only to the FLSA overtime claims related to the MOU and does not extend to claims arising beyond the date of the settlement agreement. Settlement Agreement at 3–4.

Because the release is sufficiently tailored to the claims at issue in this suit, this factor counsels in favor of approving the settlement.

**5.  Counsel's Experience and Views, Plaintiffs' Opinions**

Plaintiffs' counsel, who has considerable experience in the field of labor law, represents that this settlement is fair, reasonable, and within the maximum range plaintiffs could expect to recover after trial. Mot. at 18; *see also Beidleman*, 2018 WL 1305713, at *5 (finding experience

and views of plaintiffs' counsel in this case supported approving the FLSA settlement). Furthermore, counsel for defendant has over nine years of experience litigating wage-and-hour disputes, including FLSA claims. Youril Decl. ¶ 2. He too believes the settlement is fair and reasonable. *Id.* ¶ 14. The parties do not present any direct evidence of the plaintiffs' individual opinions of the settlement, but do provide the signature pages of the settlement agreement signed by the opt-in plaintiffs. *See id*. Ex. B. All forty plaintiffs signed the settlement agreement, which suggests they believe the settlement is a fair and reasonable resolution of their claims. *See Beidleman*, 2018 WL 1305713, at *5 (fact that all opt-in plaintiffs, representing forty percent of whole class, had already signed settlement agreement weighed in favor of approval of FLSA settlement).

Accordingly, this factor weighs in favor of approving the settlement agreement.

### 6. Possibility of Fraud or Collusion

The court finds no evidence that the parties colluded or pursued their own self-interest in reaching the settlement agreement. As noted above, the settlement agreement reflects a reasonable compromise of the disputed issues, as well as damages and the expense of further litigation. Moreover, the parties highlight that plaintiffs were given the opportunity to review the settlement agreement and discuss it with counsel before signing. Mot. at 18. That all forty plaintiffs voluntarily signed the agreement signifies a lack of collusion. *See* Youril Decl. Ex. B. No other "subtle signs" of collusion exist, such as a disproportionate award of attorneys' fees or a non-monetary settlement for plaintiffs in the face of a large monetary award to counsel. *See Beidleman*, 2018 WL 1305713, at *5.

This factor too counsels in favor of approving the settlement.

For the reasons above, the court finds the parties' settlement to be fair and reasonable.

## IV.  ATTORNEYS' FEES AND COSTS

"Where a proposed settlement of FLSA claims includes the payment of attorneys' fees, the court must also assess the reasonableness of the fee award." *Selk*, 159 F. Supp. 3d at 1180 (citation omitted); *see also* 29 U.S.C. § 216(b) (in FLSA action, court shall "allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action"). "The district court has

7

discretion in common-fund cases to award attorneys' fees in the amount of a percentage of the common-fund or using the lodestar method." *Kakani v. Oracle Corp.*, 2007 WL 4570190, at *2 (N.D. Cal. Dec. 21, 2007).

The parties have not provided sufficient information for a lodestar cross-check, but the Ninth Circuit has generally set a twenty-five percent benchmark for the award of attorneys' fees, and the court may adjust this figure if the record shows special circumstances justifying a departure. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

Here, the proposed attorneys' fees and costs combined are 24.5 percent of the total settlement fund, *see* Settlement Agreement at 2, which is consistent with awards allowed in the Ninth Circuit. No special circumstance requires the court to reduce the attorneys' fees. They are approved.

## V.  CONCLUSION

1. For the reasons above, the court **grants** the parties' joint motion for approval of settlement agreement and dismissal with prejudice.

2. The parties shall proceed to implement the terms of their settlement agreement.

3. The court retains jurisdiction to resolve any disputes related to the administration and effectuation of the settlement including the ultimate disbursal to the participating collective members and payment of attorneys' fees and expenses.

4. Plaintiffs shall notify the court **within seven days** after administration and effectuation of the settlement is complete, at which point the case will be closed.

IT IS SO ORDERED.

DATED: August 14, 2022.

CHIEF UNITED STATES DISTRICT JUDGE